## LONG et al. v. SOUTHERN EXPRESS CO.

### (District Court, S. D. Florida. December 18, 1912.)

**1. COURTS (§ 314*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP—NUISANCE—INJUNCTION.**

A bill by citizens and residents of Florida legally engaged in selling liquor in that state against an express company, a corporation organized under the laws of Georgia, to restrain it from accepting for transportation liquors illegally sold in that state to purchasers therein in competition with complainant, was within the jurisdiction of the federal court based entirely on diversity of citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

**2. COURTS (§ 266*)—ILLEGAL ACT IN FOREIGN STATE—DAMAGE TO PROPERTY WITHIN JURISDICTION.**

Where transportation of liquor illegally sold in Georgia by defendant express company to consignees in that state came into competition with complainant's legal sales of liquor in Georgia, transported from complainant's place of business in Florida, a federal court sitting in Florida had jurisdiction to restrain the further transportation of liquor so illegally sold in Georgia.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806–808; Dec. Dig. § 266.*]

**3. INTOXICATING LIQUORS (§ 262*)—WRONGFUL SALES—TRANSPORTATION—INJUNCTION.**

An injunction restraining an express company from accepting and transporting liquor illegally sold would not be withheld because the agents of the company could not distinguish illegal from legal shipments, it appearing that such agents could determine with reasonable accuracy whether the shipments did or did not consist of liquor illegally sold.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 402; Dec. Dig. § 262.*]

**4. INJUNCTION (§ 103*)—SUBJECTS OF INJUNCTIVE RELIEF—CRIMINAL ACTION—PRIVATE PROPERTY RIGHT.**

Where liquor illegally sold was transported by defendant in Georgia, and came into direct competition with legal sales made by complainant in interstate commerce from complainant's place of business in Florida, complainant's application for an injunction restraining further transportation of such liquor so illegally sold will not be denied on the ground that the writ would not issue merely to restrain a criminal action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 176, 177; Dec. Dig. § 103.*]

**5. INJUNCTION (§ 34*)—RIGHT TO RELIEF—"PRIVATE RIGHT."**

The term "private right," as used with reference to the right of a person to injunctive relief, is used as a mere distinguishing term from "public right," and not as meaning any particular monopolistic right.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 74–81; Dec. Dig. § 34.*

For other definitions, see Words and Phrases, vol. 6, p. 5578.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by D. E. Long and others against the Southern Express Company. Decree for complainants.

Akerman, Akerman & McManus, and Ellis & Roland, all of Macon, Ga., and Marks, Marks & Holt, of Jacksonville, Fla., for complainants.

W. E. Kay, of Jacksonville, Fla., and Robt. C. Alston, of Atlanta, Ga., for defendant.

CHENEY, District Judge. The bill alleges that the complainants are residents of the state of Florida and this district, that they are engaged in the business of legally selling liquor in the city of Jacksonville, Fla.; that the respondent is a corporation organized under the laws of the state of Georgia; that it is a common carrier with its business extending from the state of Georgia into the state of Florida and this district. The bill further alleges that divers persons in Savannah, Ga., and in other cities in Georgia, are engaged in making illegal sales of liquor, such sales being misdemeanors and prohibited by the statutes of the state of Georgia. The bill further alleges that the liquors sold illegally are shipped to the purchasers in the state of Georgia by the respondent in its capacity as a common carrier. The bill alleges knowledge on the part of the respondent that the liquors so sold and shipped are sold in violation of law. The bill alleges that the rates for such carriage from the place of the illicit dealers to the purchasers to whom the goods are delivered are less from a shipping point in Georgia to a near delivery point in Georgia than from Jacksonville, Fla., to such delivery point; that, in fact, such shipments made entirely within the state of Georgia can be made so much cheaper to the same destination point from Jacksonville, Fla., that the Jacksonville dealer cannot compete with the illicit dealer in Georgia; and that thereby serious damage is done to the legitimate business of the complainants. Upon the allegations of this bill, the complainants pray that the respondent be restrained and enjoined from receiving shipments of liquor from the illegal dealers of Georgia and from transporting same. The respondent filed an answer that so far as the injunction prayed was concerned left the bill intact.

In the consideration of this case the first question to be met is that of the court's jurisdiction. The respondent denies that this court has jurisdiction, and cites in support of his contention A. C. L. R. R. Co. v. Macon Grocery Company, 166 Fed. 206, 92 C. C. A. 114; Macon Grocery Co. v. A. C. L. R. R. Co., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300.

[1] In the opinion of the court jurisdiction in this case is based on the diversity of citizenship of the parties alone. No federal question is involved. The relief prayed might be granted by a court of equity in the state of Georgia, either the state or federal court there, and the bill could not be sustained in this court if the diversity of citizenship was not alleged.

[2] The next important question is whether or not this court can enjoin the respondent from committing the acts complained of in the state of Georgia. Upon this question the authorities seem at first blush

to be involved and conflicting; but a careful analysis of cases decided by the federal courts fully sustain the proposition that, where the property injured is within the jurisdiction of the court, a nuisance can be enjoined in another state or district, if the court has jurisdiction of the offending party. This doctrine is clearly announced in the Salton Sea Cases, 172 Fed. 812, 97 C. C. A. 214, and 215 U. S. 604, 30 Sup. Ct. 405, 54 L. Ed. 345. In these cases the Circuit Court of Appeals of the Ninth Circuit founding its power to enjoin, first, upon diversity of citizenship, second, an existing nuisance, third, that the property injured was within the jurisdiction of the court, and, fourth, that the court had jurisdiction of the offending party, proceeded to enjoin a nuisance committed in Mexico. Morrow, Circuit Judge, says:

"It is further objected that the court had no jurisdiction to decree an injunction in effect abating a nuisance caused by the construction of intakes in the republic of Mexico, and it is claimed that there is a rule in support of this objection to the effect that a court of equity can never compel a defendant to do anything which is not capable of being physically performed within the territorial jurisdiction of the court."

And further, on page 813 of 172 Fed., on page 235 of 97 C. C. A., the court continues:

"The injury charged in the present case was an injury to property within the jurisdiction of the court, and the party charged with the commission of the injury was also within the jurisdiction of the court. * * * The cause of the injury was not serving a useful purpose for any one, and the relief asked for was that the party causing the injury might be enjoined from continuing to injure complainant's property within the jurisdiction of the court. *Why may not a court restrain a party over whom it has jurisdiction from injuring property within its jurisdiction?* How does it affect the question of jurisdiction or venue to say that the party on whom the court must act may find it necessary to do things outside the jurisdiction of the court in order to comply with the order of the court? May this not often happen, and would it not happen oftener, if it were determined that such an excuse was sufficient to defeat the jurisdiction of the court?"

These cases were affirmed by the Supreme Court, 215 U. S. 604, 30 Sup. Ct. 405, 54 L. Ed. 345.

In this case the nuisance complained of is located in Georgia, but the property injured, namely, the legal business of the complainants, is located in this district, and this court has jurisdiction of the party complained of as committing the nuisance. It is urged by respondent's counsel that, as it was not an illegal act to ship liquor in the state of Georgia, an injunction as prayed in the bill would be enjoining a legal act. That argument is incomplete. An act legal in itself may be so connected with other acts in a chain of acts that it becomes a link in a crime. It would not be a crime for B. to accept a watch from A., but if the watch was a stolen one, and B. had guilty knowledge of the fact, then his acceptance of the watch might be criminal. If A. is making illegal sales of liquor, and employs B. to deliver the purchases of liquor so sold, and B. has knowledge that he is delivering liquor illegally sold, then B. becomes an agent in the commission of a crime, is particeps criminis, and, an illegal sale of liquor being a misdemeanor, he is a principal, and can be convicted as such. In this

case, let A. represent the party making the illegal sales, and B. the Southern Express Company, and the application is complete.

The question was urged by counsel for the respondent, "Why was this bill not brought in Georgia? Either in the state or United States courts?" The court deems that question immaterial. The sole question here is: Do the allegations of the bill and the admissions of the answer show that this court has the right to grant the relief prayed?

[3] Counsel for the respondent argued very strenuously that the agents of the company could not distinguish illegal shipments from shipments that might be made legally. The court is of the opinion that the law of reasonableness applies. It is true that if a party offered a single shipment of liquor, a single package, for shipment, an agent might well claim that there was no ground upon which he could base an opinion as to whether it was or was not a shipment of liquor illegally sold; but if the party presented 50 packages consigned to as many different parties, and daily made such offerings for shipment, it might well convince him as a reasonable person that the party offering such shipments was selling liquor. Numerous statutes have been upheld authorizing seizure where in search of premises an unreasonable amount of liquor is found, and that such unreasonable quantity was prima facie evidence that the liquors were intended for sale. In these statutes no particular quantity is named as being an unreasonable amount. That is a question left to the discretion of the officer making the search, or to the jury upon the trial of the case. The court is of the opinion that any person of sufficient intelligence to act as a receiving clerk for the defendant company can reasonably judge as to illegal sales of liquor, and that he can fully protect himself and the defendant company from knowingly violating an injunction in this case, and also avoid refusing the limited number of shipments of liquor that may be rightfully offered.

[4] The contention of the respondent that the injunction will not issue merely to restrain a criminal action is admitted. A private right must be established. But in this case the allegations of the bill establishes the private right necessary to warrant an injunction. The complainants are forced to compete with a lower express rate which is obtained by the unlawful sellers of liquor in Georgia, to the clear and positive damage of the complainants.

[5] The term "private right" is used in all the cases cited merely as a distinguishing term from "public right," and not as contended by counsel for respondent as meaning any particular monopolistic right. The complainants have the right to sell liquor in Georgia, the same right that a grocery house has to sell sugar in that state, and the grocer in Florida or New York who is selling legally has the private right that may be the basis of a bill for injunction when such right meets with illegal interference which inflicts a money damage. This principle is announced clearly in Re Debs, 158 U. S. 564, 15 Sup. Ct. 909, 39 L. Ed. 1092. In that case the proposition is exhaustively treated and discussed, and the court concludes:

"Again, it is objected that it is outside the jurisdiction of a court of equity to enjoin the commission of crimes. This, as a general proposition, is unques-

tioned. A chancellor has no criminal jurisdiction. Something more than the threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court. There must be some interference, actual or threatened, with property rights of a pecuniary nature, but, when such interferences appear, the jurisdiction of a court of equity arises, and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law."

The court is of the opinion that it has jurisdiction, and that the facts alleged in the bill and admitted or undisputed by the answer of the respondent entitles the complainants to the relief sought. It will be so ordered.